# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-60766

In re: CHARLIE LEE TAYLOR,

                         Movant

**A True Copy**
Certified order issued Jan 13, 2020

*Tyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

Motion for an order authorizing
the United States District Court for the
Northern District of Mississippi to consider
a successive 28 U.S.C. § 2254 application

---

Before ELROD, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:

      Charlie Lee Taylor, Mississippi prisoner # R6798, moves this court for authorization to file a successive § 2254 application challenging his conviction for possession with intent to distribute marijuana and cocaine and resulting 60-year sentence. To obtain the requested authorization, he must make a prima facie showing that (1) "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that, "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(A), (b)(2)(B), (b)(3)(C).

Taylor seeks authorization to raise the following claims: (1) he was forced to represent himself at trial, in violation of his Sixth Amendment rights, (2) appellate counsel was ineffective in failing to secure a complete trial record, (3) his indictment was insufficient, (4) his arrest was unlawful, (5) the trial court erred in allowing inadmissible evidence and appellate counsel was ineffective in failing to raise the claim on appeal, (6) the attorney who represented him in pretrial proceedings was ineffective, and (7) his sentence is illegal.

Because Taylor's claim that appellate counsel was ineffective in failing to secure a complete trial record was raised in his prior § 2254 application, it is barred. 28 U.S.C. § 2244(b)(1). As to the remaining claims, Taylor has not made the required prima facie showing. *See* § 2244(b)(2)(B).

Accordingly, IT IS ORDERED that the motion for authorization is DENIED.

# United States Court of Appeals

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 13, 2020

Mr. David Crews
Northern District of Mississippi, Aberdeen
United States District Court
301 W. Commerce Street
Aberdeen, MS 39730

    No. 19-60766   In re: Charlie Taylor
                        USDC No. 1:18-CV-222

Dear Mr. Crews,

Enclosed is a copy of the judgment issued as the mandate.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Majella A. Sutton, Deputy Clerk
                            504-310-7680

cc:
    Mr. Charlie Lee Taylor